IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALIREZA BAKHTIARI, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 09 CV<br>) Jury Trial Requested |
| PAULA M. LUTZ<br>(in her individual capacity) | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Alireza Bakhtiari, in *pro se*, sets forth his petition, as follows:

### Introduction

1. Plaintiff, Alireza Bakhtiari, is a citizen of Iran, resident of the state of Missouri and a former employee (chemistry instructor) at the Chemistry Department-College of Arts and Sciences of the University of Missouri-Rolla ("UMR")[1].

2. Defendant, Dr. Paula M. Lutz was at all relevant times a resident of the state of Missouri and at all relevant times was, the Dean of College of Arts and Sciences at UMR.

3. Defendant Lutz is respondent in this action in her **individual capacity**.

4. Plaintiff was a state employee. UMR is a state entity.

5. This is an action for damages and to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 1981, 42 U.S.C. § 1983, First and Fourteenth Amendments to the United States Constitution, rights and protections secured by

---

[1] UMR is currently known as Missouri Science and Technology, but during all relevant times it has been referred to as UMR.

Missouri Revised Statutes of ("RSMo.") § 36.380, § 36.390 and § 105.055. Also plaintiff alleges torts of interference under Missouri State law and violations to Missouri Public Policy (retaliatory wrongful termination-whistleblower).

### Jurisdiction

6. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1343 (Civil Rights), 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

### Venue

7. This action lies properly in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b) as the unlawful practices complained of herein occurred within the Eastern District of Missouri.

### Statutes of Limitation

8. All claims asserted herein have statute of limitation of 5 years in the state of Missouri. This complaint is within the timely limitation allowed.

### Liability Insurance

9. Defendant Lutz is insured under the malpractice insurance policy bought by The Curators of University of Missouri (a Missouri corporation) for the specific actions alleged in this complaint.

### Immunity

10. Lutz is Defendant in her individual capacity; therefore Sovereign Immunity or Eleventh Amendment Immunity would not be relevant or applicable in this action

## FACTS COMMON TO ALL COUNTS

11.     Until 2001, Plaintiff was a resident of his home country, Iran.

12.     During the second half of 2001 Plaintiff received phone calls and emails from the staff of the Chemistry Department and Admissions Office of UMR, inviting, asking and urging him to travel to the US to take part in research and teaching at UMR.

13.     Plaintiff visited the US Embassy in Istanbul-Turkey and submitted UMR's recommendation to the Embassy. The Embassy contacted UMR and inquired as to the terms of Plaintiff's employment as an instructor.

14.     The Chemistry Department of UMR sent specifications of Plaintiff's employment contract to the Embassy. According to the documents, which UMR provided to Plaintiff and to the US Embassy, Plaintiff was hired for a 5 years term as an instructor.

15.     Plaintiff accepted the contract offer and the invitation of UMR and traveled to the US. Plaintiff started his job as an instructor at the Chemistry Department of UMR on January 11, 2002.

16.     Upon his arrival, Plaintiff requested a $ 5,000 consumer loan (credit-line) from the finance department of UMR. After reviewing Plaintiff's employment terms, UMR finance granted this credit.

17.     In 2002 Plaintiff petitioned a grievance request to Dean Lutz (Defendant) complaining about absenteeism, wrongful course management and capricious grading of one of professors (Dr. Gary Long). Long was at the time a UMR tenured professor. Defendant Lutz granted hearing and resided as chair over a hearing committee to hear Plaintiff's grievance.

18. Hearing was held on November 2002. Defendant Lutz took evidence from Long. Defendant Lutz refused to hear Plaintiff and refused to allow in evidence presented by Plaintiff.

19. The Chair (Defendant Lutz) dismissed the committee without hearing or seeing evidence from Plaintiff. The hearing did not adjourn. Plaintiff was yet to present his evidence. Defendant Lutz told Plaintiff that the hearing would continue in the future. It **never** did.

20. Since November 2002, Plaintiff continuously emailed Defendant Lutz (once or twice a month), demanding the continuation of the hearing. Lutz relied on variety of excuses, including residence of Long in Europe to filibuster the hearing and the committee.

21. Defendant Lutz's conduct affected several of the graduate students. Plaintiff and his colleagues delivered a jointly signed letter to Dr. Lutz demanding the same.

22. In his continuous emails Plaintiff voiced his perception of the events to Defendant Lutz. Plaintiff voiced in his emails that Defendant's actions were racially and ethnically biased. By filibustering the hearings, Defendant Lutz was discriminatively favoring her old friend and professor Dr. Long (Caucasian American Male) over Plaintiff (an international employee, middle eastern male) and Plaintiff's colleagues (International students and employees from India).

23. As an employee, Plaintiff reported to Dr. David E. Hoiness- (Lecturer) Assistant Chairman of Chemistry Department. The specific function of Plaintiff's job under the title of "instructor" varied every semester, based on the timely needs of the

4

Chemistry Department. The specificity of the function in each semester was administered, managed and determined by Dr. Hoiness.

24. At the end of 2003, "The Committee on Effective Teaching and Faculty Awards" of the UMR determined the Teaching Effectiveness Factors ("TEF") for the Faculty and Instructors in the university including the Chemistry Department. Plaintiff scored a TEF of 3.2, while the average for the whole campus was 2.5 and 2.9 for the Chemistry Department. Plaintiff's written evaluations also describe him as an excellent chemistry instructor.

25. From January 2002 through September 2003, Plaintiff observed that the method and the condition of teaching of freshman chemistry courses and laboratories were decreasing the interest of undergraduate students in chemistry and related subjects. Plaintiff reported his observations to Dr. Hoiness.

26. In the Fall Semester of 2003, Plaintiff introduced innovations to improve student interest in chemistry. At the end of Fall semester 2003, as a part of his proposal, Plaintiff conducted a survey of 200 undergraduate students who took the freshman chemistry courses and laboratories in that semester, and the summary of the survey results was reported to Dr. Hoiness.

27. Based on Plaintiff's initiative, Dr. Hoiness defined his specific function for winter semester of 2004. This function was to restructure and redesign the syllabus and the content of Freshman Chemistry Laboratory course (Chemistry 002 Lab.). Plaintiff began employment in this function at the beginning of the winter semester of 2004 (January 12, 2004).

28. At the end of December of 2003 (at a new year's eve party) Plaintiff spoke with Defendant Lutz's Secretary, Barbara J. Palmer, about Defendant Lutz's discriminatory conduct. Plaintiff requested Ms. Palmer relay to Dr. Lutz that plaintiff was concerned about Lutz's discriminatory conduct. He suggested a deadline of January 2004 to Defendant Lutz in his message.

29. On the morning of January 21, 2004 Plaintiff emailed Dr. Lutz and informed her that he had an appointment with Civil Rights Office if the U.S. Department of Education in Kansas City to address Lutz's conduct.

30. On the afternoon of January 21, 2004, Dr. Ekkehard Sinn, Chair of the Chemistry Department, informed Plaintiff that Defendant Lutz had decided to dismiss him as an instructor. No reason was given for Plaintiff's dismissal. Plaintiff immediately asked for dismissal according to the "Procedures in Case of Dismissal for Cause" called for in the University of Missouri's Bylaws ("UM Bylaws").

31. Between January 21, 2004 and March 15, 2004, Plaintiff frequently contacted Defendant Lutz's office and personally asked for the reasons for his dismissal and asked for his rights according to the UM Bylaws.

32. Defendant Lutz was, at the time, unwilling to talk to or meet with Plaintiff or afford him his rights. Defendant Lutz was unwilling to give anyone any reason for Plaintiff's termination.

33. Plaintiff started his job on January 12, 2004, Defendant Lutz terminated Plaintiff on January 21, 2004. The "out of state fees waiver" was removed since his employment in Missouri was terminated.

34. On January 22, 2004, Dr. Sinn, Chairman of the Chemistry Department, emailed the administration members of UMR, including Defendant Lutz, expressing his shock, and inquiring about the cause(s) of Plaintiff's termination. In this email, Dr. Sinn one of Plaintiff's immediate supervisors wrote *"Was or is Alireza Bakhtiari accused of something?"*

35. Dr. Van De Mark, one of Plaintiff's supervisors, emailed Dr. Sinn and Defendant Lutz and expressed his shock, inquired as of the cause(s) of termination and expressed his opinions on Plaintiff's high performance, Plaintiff's termination and his due process rights.

36. Due to loss of his position as an instructor, Plaintiff was forced to withdraw from the PhD program on March of 2004. Defendant Lutz constructively expelled Plaintiff from the university.

37. On or about April 16, 2004, Plaintiff filed a complaint with the EEOC (St Louis Office). Plaintiff informed Defendant of the complaint on that date.

38. Even though it promised Plaintiff that it would preserve the email evidence, but on May 19, 2004 UMR deleted all of Plaintiff's email correspondence existing in his university email account.

**Count I: 42 U.S.C. § 1983-Procedural Due Process-UM Bylaws**

39. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

40. Plaintiff had rights and interests in his continued employment as an Instructor.

41. The UM Bylaw "310.060-Procedures in Case of Dismissal for Cause" is a statewide policy of the University of Missouri System, which entitles plaintiff to

7

sufficient notice, pre-termination and post-termination hearings. None of these were granted to Plaintiff at the time of his termination or any other time.

42. Defendant deprived Plaintiff of his rights without due process and as a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay and consequential damages

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. His litigation fees and the costs and expenses of this action;

d. Punitive damages, and

e. Such other relief as the Court deems just and equitable.

**Count II: 42 U.S.C. § 1983-Procedural Due Process- RSMo. §36.380 and §36.390**

43. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

44. Plaintiff had rights and interests in his continued employment as an Instructor.

45. RSMo. §36.380 and §36.390 entitle plaintiff to sufficient notice, pre-termination and post-termination hearings. None of these were granted to Plaintiff at the time of his termination or any other time.

46. Defendant deprived Plaintiff of his rights without due process and as a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay and consequential damages

    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

    c. His litigation fees and the costs and expenses of this action;

    d. Punitive damages, and

    e. Such other relief as the Court deems just and equitable.

**Count III: 42 U.S.C. § 1983-Procedural Due Process- RSMo. §105.055**

47. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

48. Plaintiff had rights and interests in his continued employment as an Instructor.

49. RSMo. §105.055 entitles plaintiff to sufficient notice, pre-termination and post-termination hearings. None of these were granted to Plaintiff at the time of his termination or any other time.

50. Defendant deprived Plaintiff of his rights without due process and as a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay and consequential damages

    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

    c. His litigation fees and the costs and expenses of this action;

    d. Punitive damages, and

    e. Such other relief as the Court deems just and equitable.

**Count IV: 42 U.S.C. § 1983- Substantive Due Process-Right to Education**

51. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

52. Plaintiff had fundamental rights and interests in his continued education at UMR.

53. Defendant Lutz, constructively and knowingly, expelled Plaintiff from the university, which ended his education as a PhD candidate.

54. Defendant's action was irrational, arbitrary and shocking to conscience.

55. Defendant deprived Plaintiff of his rights without due process and as a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

   a. Back pay and lost benefits; front pay and consequential damages

   b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

   c. His litigation fees and the costs and expenses of this action;

   d. Punitive damages, and

   e. Such other relief as the Court deems just and equitable.

**Count V: 42 U.S.C. § 1983- Substantive Due Process-Education in Other Institutes**

56. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

57. Plaintiff had fundamental rights and interests in his career and education in other institutes.

58. Defendant Lutz, constructively and knowingly, banned Plaintiff from enrollment in any other universities.

59. Defendant's action was irrational, arbitrary and shocking to conscience.

60. Defendant deprived Plaintiff of his rights without due process and as a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay and consequential damages

    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

    c. His litigation fees and the costs and expenses of this action;

    d. Punitive damages, and

    e. Such other relief as the Court deems just and equitable.

### Count VI: 42 U.S.C. § 1983- Substantive Due Process- Liberty and Disruption of One's Daily Life

61. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

62. UMR initially contacted Plaintiff in Iran and asked him to travel to the US. Plaintiff had fundamental rights and interests in his position as a PhD student and employee at UMR, for which he had been invited to travel to the US.

63. Defendant Lutz, constructively and knowingly, deprived Plaintiff from such core rights to liberty and daily life.

64. Defendant's action was irrational, arbitrary and shocking to conscience.

65. Defendant deprived Plaintiff of his rights without due process and as a result Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay and consequential damages

    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

    c. His litigation fees and the costs and expenses of this action;

    d. Punitive damages, and

    e. Such other relief as the Court deems just and equitable.

### Count VII: 42 U.S.C. § 1983- Equal Protection Clause- Racial Ethnical Discrimination

66. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

67. Plaintiff belongs to a protected minority class. Individuals who did not belong to a protected class, but were situated similarly, were treated differently by Defendant.

68. Defendant treated plaintiff with racial bias, treated him less favorably than others and as a result plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay and consequential damages

    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

    c. His litigation fees and the costs and expenses of this action;

    d. Punitive damages, and

    e. Such other relief as the Court deems just and equitable.

### Count VIII: 42 U.S.C. § 1983- Equal Protection Clause- Discrimination Based on The Nationality of Origin

69. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

70. Plaintiff is an Iranian national. Non-international individuals who were situated similarly were treated differently by Defendant.

71. Defendant treated plaintiff with bias, treated him less favorably than others and as a result plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

   a. Back pay and lost benefits; front pay and consequential damages
   b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
   c. His litigation fees and the costs and expenses of this action;
   d. Punitive damages, and
   e. Such other relief as the Court deems just and equitable.

### Count IX: 42 U.S.C. § 1983- Equal Protection Clause- Retaliation

72. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

73. Plaintiff opposed Defendant and participated in investigating her conduct.

74. Defendant treated plaintiff with retaliatory animus and deprived plaintiff of the protections afforded to him by statutory and policy sources. Similarly situated individuals who did not oppose or participate against defendant were treated differently. As a result plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

   a. Back pay and lost benefits; front pay and consequential damages
   b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
   c. His litigation fees and the costs and expenses of this action;
   d. Punitive damages, and
   e. Such other relief as the Court deems just and equitable.

### Count X: 42 U.S.C. § 1983- First Amendment- Retaliation

75. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

76. Plaintiff voiced the concerns for Defendant's discriminatory and biased conducts.

77. Plaintiff's statements were matters of public concern.

78. Public's interest in investigation and correction of Defendant's conduct outweighed continuation of Defendant's behavior.

79. Defendant's impulsive actions and decisions were merely based on retaliatory animus.

80. As a result of Defendant's actions Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay and consequential damages

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. His litigation fees and the costs and expenses of this action;

d. Punitive damages, and

e. Such other relief as the Court deems just and equitable.

### Count XI: Tortious Interference-Missouri Law-Contractual Business

81. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

82. Plaintiff had a business contract with UMR.

83. Defendant had knowledge of existence of such contract.

84. Defendant induced and caused breach of the contract intentionally.

85. Defendant had no justification or rationality for doing so.

86. As a result of Defendant's unjust interference Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

   a. Back pay and lost benefits; front pay and consequential damages

   b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

   c. His litigation fees and the costs and expenses of this action;

   d. Punitive damages, and

   e. Such other relief as the Court deems just and equitable.

**Count XII: Tortious Interference-Missouri Law- Business Expectancy**

87. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

88. Plaintiff had ongoing business with UMR.

89. Plaintiff had reasonable business expectancy from UMR.

90. Defendant had knowledge of existence of such expectancy.

91. Defendant intentionally caused the ongoing business to stop.

92. Defendant had no justification or rationality for doing so.

93. As a result of Defendant's unjust interference Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

   a. Back pay and lost benefits; front pay and consequential damages

   b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

   c. His litigation fees and the costs and expenses of this action;

   d. Punitive damages, and

   e. Such other relief as the Court deems just and equitable.

### Count XIII: 42 U.S.C. § 1981- Racial Discrimination- Retaliation

94. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

95. Plaintiff opposed Defendant and participated in investigating her racially discriminatory conduct.

96. Defendant treated plaintiff with retaliatory animus and deprived plaintiff of the protections afforded to him by statutory and policy sources. Similarly situated individuals who did not oppose or participate against defendant were treated differently. As a result plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay and consequential damages

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. His litigation fees and the costs and expenses of this action;

d. Punitive damages, and

e. Such other relief as the Court deems just and equitable.

### Count XIV: Wrongful Termination-
### Missouri Public Policy-Whistleblower Exception

97. Plaintiff incorporates Paragraphs 1-38, as if re-alleged.

98. Plaintiff opposed Defendant and participated in investigating her conduct.

99. Defendant treated plaintiff with retaliatory animus and deprived plaintiff of the protections afforded to him by statutory and policy sources. Similarly situated individuals who did not oppose or participate against defendant were treated differently. As a result plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay and consequential damages

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. His litigation fees and the costs and expenses of this action;

d. Punitive damages, and

e. Such other relief as the Court deems just and equitable.

Dated: January 16th, 2009

**Respectfully Submitted**

Alireza Bakhtiari, Plaintiff in *Pro Se*
6803 Virginia Ave.
St. Louis, Missouri 63111
Office Phone: 314-592-8222
314-592-8223
Mobile Phone: 314-640-3091
Email: al_bakt@hotmail.com